1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| HECTOR DELEON, | ) 1:09cv0458 OWW DLB |
| | ) |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION |
| | ) REGARDING DISMISSAL OF ACTION |
| v. | ) |
| TULARE COUNTY SUPERIOR COURT, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

16

17          Plaintiff Hector DeLeon ("Plaintiff"), a state prisoner appearing pro se and proceeding in

forma pauperis, filed the instant civil rights complaint on March 11, 2009.  For the reasons stated

18

below, the Court recommends that Plaintiff's complaint be dismissed without leave to amend.

19

**DISCUSSION**

20

A.      Screening Standard

21

22          Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the

complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof

23

if the court determines that the action is legally "frivolous or malicious," fails to state a claim

24

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

25

from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state

26

a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be

27

cured by amendment.

28

1

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

B.      <u>Allegations</u>

        Plaintiff's complaint consists of a short allegation, without supporting facts or detail. He names the Tulare County Superior Court as the sole defendant, and states that he had a conflict with the judge and his attorney told him to commit perjury. In setting forth his relief, Plaintiff also states that he did not receive his *Miranda* rights. He requests another judge and another attorney.[1]

C.      <u>Analysis</u>

        The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u> <u>Monell v. Department of Social Services, 436 U.S. 658 (1978)</u>; <u>Rizzo v. Goode, 423 U.S. 362 (1976)</u>. "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" <u>Hydrick v. Hunter, 500 F. 3d 978 (th Cir. 2007)</u> (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"

---

[1] Plaintiff does not request monetary damages.

Id. (quoting Johnson at 743-44).

Plaintiff's sole Defendant, the Tulare County Superior Court, is not a "person" for purposes of section 1983 and is therefore not proper defendant.

Although Plaintiff does not request monetary damages, insofar as he attempts to state a claim against the presiding judge, he is advised that state court judges are immune from liability under 42 U.S.C. § 1983. See Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (holding that judges and prosecutors are immune from liability for damages under section 1983 ).

To the extent Plaintiff attempts to allege a claim against his attorney, civil rights claims under Section 1983 are not available because public defenders and/or privately retained attorneys are private individuals for purposes of section 1983 and therefore do not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders performing traditional functions of representation do not act under color of state law for purposes of civil rights actions); Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003). To the extent Plaintiff alleges legal malpractice, this is a state-law claim for which "there exists no independent basis of federal jurisdiction." See Aragon v. Federated Dept. Stores, Inc., 750 F.2d 1447, 1457-58 (9th Cir.1985) (finding no jurisdiction over state law malpractice claim action against law firm for mishandling of labor grievance).

It appears that Plaintiff is attempting to challenge an underlying conviction. However, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Although Plaintiff does not seek damages, he is advised that when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Plaintiff's complaint therefore fails to state a claim for which relief may be granted, and he cannot cure these deficiencies by amendment. Therefore, the Court finds that the action should be DISMISSED WITHOUT LEAVE TO AMEND.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These Findings and Recommendation are submitted to the Honorable Oliver W. Wanger pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated: __April 3, 2009__        _____/s/ **Dennis L. Beck**_____
                                UNITED STATES MAGISTRATE JUDGE